Prepare to hear an argument in the second case here. Take the pronunciation of your name, Mr. Zydel. We will hear from you. Good morning, your honors. May it please the court. My name is Corey Zydel. I'm honored to be here before the court today in this panel. I'm counsel for appellant Melissa Bediako. In this case, Bediako alleged that her rights were violated under Subtitle 10, Title 12 of the Maryland Commercial Law Article. Specifically, Bediako alleged that appellee Honda Finance failed to provide her with the exact date, time, and location of the private sale in which Honda Finance sold her personal property after it was repossessed. The district court granted Honda Finance's motion to dismiss, and three issues of Maryland law are presented to the court today. The first is, does, and I'll refer to Subtitle 10 of Title 12 as CLEC. Does CLEC require pre-sale notice of the location and time of a private sale? The answer to that question is yes. The statutory language, and this is based on CLEC Section 12-1021, J1II. In that subsection, CLEC starts off by talking about the rights to pre-sale, I'm sorry, the ability to sell a personal property in a public auction, then follows that up by stating that also has the right to sell a vehicle at a private sale. Then, it provides the right of pre-sale notice prior to a sale. So, when the Maryland legislature was referring to a public auction only, it would say a public sale or a public auction, and then it would follow that up by referring to that public auction or sale as a sale. In other instances in the legislation, the Maryland legislature will refer to a public sale and a private auction, and then follow that up by referring to both as a sale. Isn't the purpose of giving notice of a public sale is for the debtor and anyone else who might be interested to actually be able to attend that sale? How would that work in the context of a private sale? I mean, that's what Honda, your adversary, says, that it just makes no sense in this context that the real, the important right is the right to sufficient notice to redeem in advance of that sale. That seems to make sense to me. Why is that wrong? That is their argument, Your Honor, and the beginning premise is correct. In a public sale situation, the notice that would give you the exact date, location, and time of the sale would allow the consumer or the borrower to attend that sale, to bid at that sale and get their cart, or send other people to bid at that sale. In a private sale, it is true that they may be able to attend, but they might not be able to bid. The purpose in the context of a private sale is in addition to what that right gives you in a public auction. In either instance, what's important about this notice is that it gives the specific date upon which the borrower loses their ability to get their car back, or to get someone else to refinance their vehicle, or to inspect the vehicle to determine whether they want to buy the car or redeem the vehicle. Well, doesn't the notice of the date by which the loan has to be redeemed serve that purpose? I mean, what's the difference? Well, Your Honor, it's a little bit confusing because in the statute, it talks about redeem, but in the other sections of Maryland law, there's a difference between reinstatement and redemption. And under CLEC, they use the word redeem, but it's understood to mean reinstatement, and that means that you get notice 15 days prior to the sale, 10 days prior to the sale, but you get 15 days to redeem your vehicle, which is reinstatement. You pay the past due amounts, you pay the auction fees, I'm sorry, the storage fees, cost repossession, you get your car back, and you resume the loan as it was. You get the vehicle back. But in addition to that, you also have the right to what I'll refer to as redeem, meaning until the vehicle is sold, the date of the sale, that vehicle is owned by the borrower. It's not owned by the creditor, and the borrower has the right, absolute right under Maryland law, to pay the entire accelerated amount of that contract, the auction fees, late fees, whatever it would be to entirely pay off that vehicle and get that vehicle back. And so by giving the date after which a sale will start, you're not giving the consumer the right that this was intended to give the consumer. The date, the last date upon which their interest in the property is going to be taken away. Now, the Maryland legislature, it becomes clear from the legislative history, if not clear from the text of the statute, that the Maryland legislature amended this bill to provide the right to sell at a private sale, and that's Senate Bill 839. That's in the record as Exhibit 2. Senator Della introduced amendments to this specific provision to allow private sale and then changed the right of the presale notice to only allow that presale notice to be given in a public, in the form of a public auction. But there was some debate as to whether or not there was a need for this presale notice of location and time in a private sale situation. Even if we find it a private sale, the trial judge also had a ground that this was time barred because the four-year statute of limitations under UCC applied. That's correct, Your Honor. That was the district court's finding. Judge Titus found that this case was controlled by the specific statute of limitation contained within CLEC at 12-1019. And then, although there was that specific limitation period which applied to all CLEC causes of action, which Honda Finance does not oppose, they said that that does apply to these cases brought under CLEC, that this four-year statute of limitation contained in the Maryland Uniform Commercial Code under 2-725 would apply, would be stacked with the other limitations period under CLEC to bar any claim after four years. That is an incorrect interpretation of Maryland law. Maryland law, every analysis of statute of limitations periods under Maryland law starts with Courts and Judicial Proceedings 5-101. And that's the catch-all statute of limitation in the Maryland Code. And that provision states that this three-year limitation period applies to every cause of action in Maryland unless another limitations period, a more specific limitations period, applies to the transaction, applies to the cause of action. But under no situations, no case law in more than 100 years of Maryland law could Honda Finance present to this Court any case where an appellate court in Maryland has stacked an additional limitations period onto a specific limitations period to bar a claim. And the Maryland Court of Appeals has recently reviewed this in Crowder v. Master Money Financial. The issue in that case was, since the analysis started with, is there a specific statute of limitations in the Subtitle 4 of the commercial law article? Since there was nothing there, and they couldn't point to that limitations period, they had to look elsewhere. So they had to decide, is it the three-year limitations under 5-101 in the Courts and Judicial Proceedings, or is it 5-102-6, which is a 12-year limitations for statutory specialties? And in that case, the Court went with 5-102-6, statutory specialty. And under the commercial law article, where there was no specific statute of limitation, the Court held that you have 12 years from the date of the violation to bring your claim. Now, under CLEC, which this cause of action is under, CLEC has a specific statute of limitation, and that's at 12-1019. So the analysis starts because of what 5-101 directs and how the Maryland Court of Appeals has handled this issue in the past. It directs you to look first to CLEC. CLEC has that limitations period in it. There is no need to look elsewhere. So the contrary argument is, it's a statute of repose, and 2-725 is a statute of limitation. And so there's nothing stopping this Court or any Court from adding a statute of limitations to a statute of repose. But the Maryland Court of Appeals... No one's ever called it a statute of repose before, I take it. No one's called that, the Maryland Courts? No, Maryland has always... The Maryland Court of Appeals refers to 12-109 as a statute of limitation. And, in fact, they said that the statute of limitation applicable to a cause of action under CLEC is 12-1019 in Crowder v. Master Money Financial. So your read on the Crowder case as it distinguishes the Scott case is really the case that the Scott v. Ford Motor case, which deals with a claim on deficiency, is significantly different than when the claim involves consumer protection type issues. That's right, Your Honor. And this Court, in fact, recently distinguished between a breach of sales contract action and a CLEC cause of action in Epps v. J.P. Morgan. In that case, the consumer brought a claim under CLEC and a separate cause of action as a breach of sales contract. And this Court determined that statutory duties and obligations created by CLEC creates its own cause of action, which you bring under CLEC. But you also have rights which are created by the contract itself, which are separate. Mr. Ziedel, I want to stop right here for a moment. And the judges may have some additional questions. But you brought up the first two issues. We've talked about time barred. We've talked about the second one. But this third one really hands something you've got to deal with. And that is the question of whether you've alleged enough that would give you an action because of the damages situation. Yes, Your Honor, I understand. Which is significantly lower than what the actual amount that was being solved. How are you going to overcome that? In the first instance, the analysis that was undertaken by Judge Titus was correct to a certain extent. He looked to the statute and the cases that were cited to him, and he started with the amount of the loan, meaning how much did the consumer borrow. Then he deducted all the payments that were made. Well, he didn't deduct all the payments that were made. He didn't have a payment history. It was an assumption that certain payments were made at certain times. And then he took the sale price at the auction, which we don't know if it's correct or not. That's a document that was submitted from information from a third party saying the sale price was blank. But nonetheless, if that amount comes to – But it's clear that Honda Finance is not seeking any of the deficiency. Is that clear? Do you acknowledge that they basically waived that or some type of statement in that trial said we are not seeking it? So do you feel in any way they can go after that deficiency? Well, there's two things here. There's their claim that they can bring in court for a deficiency judgment, which they would bring as a breach of sales contract action under UCC. You think that steel can be brought? That is time barred now. That cannot be brought in court. Well, it can be brought in court, but it would be a bad claim. It would be barred by the Statute of Limitation 2725. But it does not bar them from collecting any amount that they claim was due outside of court. Because as Honda Finance would tell you, collect is a statute of repose, which I don't agree with. But 2725 – Tell me what it is, because I want to ask them what they're going to try to collect outside of court. Because it seems clear to me they said they're not going to try to collect anything. They said that they've abandoned their right – they're abandoning their pursuit of a deficiency judgment. Yes. That is quite different from their ability to collect on a debt that never dies. Whether or not she owes money to Honda Finance is a different question of whether or not they can come into court and request a judgment to collect that amount. And here's the difference. How could you do it if you've already sold the vehicle, you've got the $7,000 deficiency, you've taken that first part of it, which is what you've got to sell, and you say, I'm going to abandon this deficiency. What else are they going to get? Well, Your Honor, I think we're crossing paths here. I don't believe that they said they've abandoned the deficiency. They've abandoned their pursuit of a deficiency judgment. And it's quite a different thing. And this is a state-by-state issue, but in Maryland, a debt never dies. Your ability to recover in court the debt expires after four years. If you take a voluntary dismissal with prejudice, then that would abandon the pursuit of the deficiency judgment. If they would have voluntarily dismissed the collection action with prejudice, it would be a better argument that they can't continue to collect. But the way that the debt market is set up now is that Honda Finance comes in and they say, we're not going to file a deficiency action, and we're not going to try to collect from Ms. Pediaco. It does not stop them from selling this account to a third-party debt collector and then having Ms. Pediaco have to respond to those claims, even if they can't be brought in court. So the district court held Honda Finance, in all argument, affirmatively waived its right to recover any deficiency. And you're saying that's not a declaration that the court has made that they've basically abandoned their deficiency? It's an abandonment of the pursuit of it? Abandonment of the pursuit of that right in court. A deficiency judgment is different than deficient amounts. The debt itself lives on, regardless of whether or not Honda Finance can continue to collect in court. And the only thing that will give Ms. Pediaco the ability to defend her rights under this contract and under CLEC, that she doesn't owe money, is a judgment. So if they can't come into court, how will they get her to pay that judgment? If they can't come into court, because she's abandoned the deficiency, at least the right to recover it in court. So how are they going to get her to do it? I'm sorry, Your Honor, I see that I've... Go ahead, if you will. Okay. In Maryland, the law in Maryland for a debt is that even after a debt is uncollectible in court, you continue to try to get the debtor to voluntarily state that they owe the money or voluntarily make a payment, which, by the way, happened in this specific case. Three years after the... Three years after the... I'm sorry. A year and a half after the sale, Honda Finance, through an attorney, calls Ms. Pediaco. They get her to voluntarily make payments. That extends their limitations period, starting on that date, another four years to file this deficiency action. If Honda Finance was successful, a year or two from now or 20 years from now, as long as Ms. Pediaco is alive, to have an attorney get her to say, oh, yeah, I owe this money or get her to make a payment, they have a new four years to bring an action in court going forward. And you're saying a declaratory judgment in this case would bar them from voluntarily seeking repayment? It wouldn't bar them. They could still do it, couldn't they? Well, Your Honor... I understand your point. You are correct. They could still call. I mean, it would violate all kinds of laws, but they still could call and try to get her to make a payment. But because that judgment would be of record, they would not have a right to come back into court and try to collect in that manner. But they already said they're not coming back into court. That's right. Honda Finance said they're not coming back into court, but they can't speak as to whether a third-party debt collector is going to come back into court. All right. Thank you. All right. You have a few minutes in rebuttal. We'll hear from Mr. Falk. Thank you, Your Honor. Address this last issue that was just brought up right then about something I think we ought to get off the table as to what the effect is of making the court saying in oral argument you're saying you're not going to seek recovery of the deficiency and how it's been dismissed. It seems as though you've abandoned it, but he says you've abandoned the pursuit of it, which under Maryland law is not quite the same. Well, Your Honor, I think we need to look at this not just under the lens of Maryland law, but through the lens of Article 3. And what we have now is not just a statement in court, which for practical purposes would make it, to say the least, awkward for Honda Finance to directly or indirectly pursue this debt, but the statute of limitations has expired. There is no reasonable possibility, except through the wildest speculation. And if it happens to come true, perhaps there might be a case or controversy at that time. He says if a lawyer can get her to make a payment, he's got another four years. Well, that can always happen, Your Honor. You can always reaffirm a contract. The statute of limitations has long since expired. But that's not the kind of thing that gives you standing to come into federal court and say, I need relief now. That's not a concrete dispute. That's not anything that is sufficiently placed before the court to justify an exercise of federal jurisdiction. That's pure speculation. And at this point, Honda Finance can't go in. Yeah, you can always try to get someone to reaffirm a contract. I don't think that's unique to Maryland law, though it may be a little bit, Maryland law may be a little bit more forthright in it. But it's what I recall from first-year contracts, is you can come in and get a reaffirmation and start the clock again. That could happen. But you have here both a statement in open court that Honda Finance isn't going to do it, and you have the expiration since the time, since the district court hearing of statute of limitations. And at this point, there is no possibility. There's no possibility that Ms. Bidiaco, that Honda Finance, I should go back to the terms of the statute, the violation is the collection of an amount in excess of the principal. There's no possibility that Honda Finance, there's no reasonable possibility that Honda Finance is going to do that. If in some 10 years' time someone convinces Ms. Bidiaco to reaffirm a loan, then there might be, or there would be a defense, I think, to the collection action at that time. But there's nothing like that here. There's no dispute. And if that's the basis, if that's the only thing we have, I don't even think there's Article III jurisdiction anymore. There was in the district court. I think there are a lot of things, open issues at that time. But the combination of the expiration of the statute of limitations and there was an open issue to some extent over whether someone who hopes to bring a class action can somehow avoid being dismissed from her own claim because sometime in the future she might want to bring a class certification motion. I think Genesis Health sort of put that one away. There has been no, we're not at that point, and this claim is dead. So you're saying any potential collection by Honda is now time barred? Absolutely, Your Honor. And essentially the effect of abandoning the pursuit, abandoning the deficiency judgment is really, does it have the effect of being dismissed with prejudice? Well, I think there's, I mean, I think it has that practical effect, but I think the time bar is a cleaner way to the same place. But I think it has a practical effect. It sounds like judicial, excuse me. I'm trying to get another clean statement from you, and that is as to whether this matter is now dismissed with prejudice from your perspective as to the deficiency. Yes, yeah. I mean, Honda Finance has said in open court that it is not pursuing this. And, yes, I think it has a practical effect. It might be, I mean, as a technical matter, it may be more a matter of judicial estoppel. But, yeah, Honda, I don't think Honda Finance can go into court or anybody acting for Honda Finance can go into court. The purpose of this is to determine this whole question in terms of steps or damages, that if she is below that amount, we've got to, you know, it seems like that's a pretty strong issue from your perspective. If you're not pursuing a deficiency, there's nothing else out there to be gotten. But if there's this cloud hanging over her head, which we don't know what it means, maybe she potentially could pay more than what the contract, if that potentially can happen. I seem to be understanding you saying that can't happen. That can only happen through her. If she wants it to happen, it can happen. But you can't create Article III standing or standing under the statute by saying, you know, someday I may decide to pay some more money, and then I'll have standing. She's trying to create it herself. There's no reasonable apprehension that anything is going to happen to her unwillingly. And at this point, she just has not come over the threshold, nor has she shown, you know, any actual or imminent dispute that might bring her over the threshold or anywhere near the threshold that it takes to support an action under Section 12-1018, if I'm remembering correctly, 1082, of the CLAC. And it doesn't matter whether it's Honda doing the collection or some other third party. I don't see how a third party, a rational third party debt collector, would attach any value to a claim that's been abandoned by Honda. I mean, Mr. Seidel seemed to suggest that it wouldn't bar Honda from somehow selling this claim to a third party debt collector and having that debt collector take action against his client. Well, I don't see a rational third party. I think it would have to be a crazy third party, Your Honor. It would have to be, and I think Honda would be crazy to do it. Honda's abandoned the claim in open court. The statute of limitations has expired. Anyone that takes Honda's rights is going to be subject to the same defenses that could be asserted against Honda. One, you abandon the claim in front of Judge Titus. Good luck if you're in front of Judge Titus again or anybody, any other judge of the federal court or the courts of Maryland. Two, the statute of limitations has expired. Now, there may be some squirrelly way that a debt collector might possibly be able to contact Ms. Bidiaco and not fall afoul of the FDCPA. I'm not sure. It seems to me that it's pretty darn tough to do that with a stale claim, to come under the FDCPA, to go after a debtor and say, pay up without saying, oh, by the way, it's stale. I think that violates the FDCPA. It's not directly presented here, but it's my understanding. I tell you what, if I had a client that asked me, I'd say don't do it. And so I think we're looking at a level of speculation here as to harm that could not happen without Ms. Bidiaco's free willingness to reassume a debt that has long since gone, that there just isn't anything left here as a matter of statute. And I think, frankly, of Article III jurisdiction, well, at least there's a very strong issue here, which the court knows better than I do, is something that a federal court has to look at in the first instance. Her way of getting into court is entirely based on the statutory injury. She doesn't claim she would have done anything differently. She had notice. She had the opportunity to call. For all we know, she did call. It took a while for this to be sold privately. She doesn't say anything would have happened differently if she had a little bit more detail in the notice. She doesn't say that anything else would have happened that didn't happen here. So I think it's very hard to see an issue, concrete in particular, as time to begin with. But certainly, assuming that the mere statute is enough and the statute does set out a type of concrete harm, she didn't meet it. If that's her hook, and it's got to be her hook, she's just not there. You attach very little weight to that pursuit language that your opponent has brought up. You say abandon the claim, and he seems to draw a distinction between abandon the pursuit of the claim. Well, I draw very little distinction because it's pure speculation. I don't think we're anywhere near. I mean, I think in this Article III court, you have to have more than speculation that somebody may do something. It is flatly barred by two things. The statute of limitations and a statement in open court to a federal judge. I mean, that's a level of speculation and speculative harm that I think goes far beyond anything that any Article III court has recognized as presenting a case for controversy. You talked about the time-barred aspect of this claim. I would be pleased to, Your Honor. I was just deciding which to take next, and that was on my list, too. I think there are two important principles here. The first is that under the Anderson v. United States case, which was taken on certification from this court, the Maryland Court of Appeals set out what I would take to be a majority rule, adopted a majority rule that largely was based on articulations by this court as to how you distinguish a statute of repose from a statute of limitations. And it's, you know, you know them by what they do, not by what they say. But now no Maryland court has called this a statute of repose, has it? No Maryland court has addressed the issue, Your Honor. No Maryland court has squarely addressed this issue ever. The issue where this is talked about is talked in terms of, isn't it the title limitations period or something like that? The titles under Article I, Section 18 of the Maryland Code do not affect the construction of the statute. You look at what it says, not what it does, not what the title says. And, you know, what we have in the Maryland jurisprudence is precious little. You have some courts saying it's a condition precedent. You have Scott saying there is no statute of limitations anywhere. You have Crowder saying in a footnote, a dictum footnote, saying, well, this other statute has a provision. But that's dictum. The court has not addressed this yet. It is addressing it right now, as Mr. Zedell's 20HA letter indicated in the patent case. It is addressing what the statute of limitations is. And so presumably on that point we will have an answer sometime soon. But when you look at what the court has said about how you distinguish between a statute of repose and a statute of limitations, the most important point is that a statute of repose hinges from something other than the conduct that leads to the accrual of a claim. And that's what this does. It hinges on the satisfaction of a loan, not whatever the violation might have been. And second, the Anderson court said the other important distinguishing characteristic is that a statute of repose is phrased in terms of prohibition rather than of permission. Statute of limitations generally say an action may be filed within three years or whatever the period may be. Statutes of repose say no action shall be entertained after such and such a time, after such and such an event. That is how this statute is phrased. And that is why the district court was correct to conclude that it's a book's closing device. It's a bookend. And then you have to look somewhere else to see the statute of limitations, which accompanies the affirmative right to bring an action. And there the district court was correct, we believe, to find that the commercial law Article 2, I'm sorry, Title 2 section, the UCC statute of limitations is the one that applies here. Why is that? Why is that appropriate here? It's because the CLEC, unlike many other, probably most other regulatory statutes, is a creature of contract. It is something that is adopted. It is incorporated into a contract expressly under 12-1013.1. That's how you get the CLEC into a contract. You have to say so. And you have to agree that those are going to become the obligations of contract. And this court recognized that in EPS. Since then it has done that again in a more recent decision, but EPS is the clearest authority on that point. And the fact is it's not like a regulatory statute that applies no matter what. It's one that applies if you make it part of the contract. And that is why you have a – this falls into the category of claims that would be covered by a normal statute of limitations here. The normal statute of limitations is the UCC contract statute. I thought you were making an argument, at least to us, that you hadn't presented to the district court that a one-year statute should apply. Yes, we are making that argument. I thought I'd begin with the one that we did make in the district court, Your Honor, as we did in our brief for reasons that Your Honor has articulated. Yes, just as the plaintiffs did not make the 12-year statute argument in the district court, we did not make the one-year statute argument in the district court. This court may decide that neither of those should be addressed. If it addresses one, it should address the other respectfully. Our argument with the one-year statute is a pretty straightforward plain language argument. It's what the statute says. It says actions under this title. It's a reasonable statute of limitations. Everything else in that section limits its scope to the subtitle. And when you have an expressed statute of limitations, it's our view at least that that should apply according to its terms. Maryland General Assembly has revisited this a couple of times, hasn't changed it. And, again, this is obviously a difficult issue, and it is one that is right in front of the Maryland Court of Appeals and Patent. So this court may or may not want to address, may or may not want to provide guidance to the Maryland Court of Appeals, or in our view, this case can be disposed of on other grounds and should be disposed of on other grounds. We'd be the first to apply such a statute to CLEC, wouldn't we? If you beat the Maryland Court of Appeals, the punch, yes. And if the Maryland Court of Appeals beats you, I'm sure this court will follow, whatever it says. Yes, it would be the first to apply it to CLEC. Like many other issues under CLEC, this is one that hasn't been raised until quite recently. And so, again, that is an issue that's squarely before the Maryland Court of Appeals. And I'm happy to answer any other questions about the statute of limitations and statute of repose, but in light of the fact that it is probably going to be decided by final authority on that particular ground, and particularly in light of the fact that there are, in our view, better grounds to decide this case. Well, I wouldn't say better grounds, but other grounds to decide this case. If the court has, I'll address just very briefly the practicalities of notice, and particularly, as Gardner makes clear, it is sometimes possible, depends on the private sale, whether you can assign a time or a place to it. But whether you can or not, it doesn't make any sense, and it doesn't make sense even if, and I think we've explained enough in our briefs, again, very happy to discuss the structure of J1, Roman 2 and 3 versus J, Arabic 2 and 3. But I think we've set out our argument as to the structure of the application of the notice provision, and I'd like to focus, if there are questions on that, of course, happily address them. But I'd like to focus on whether assuming a notice requirement does apply of some form, and we don't think it does, but if it did apply, if it does apply, was the notice given here sufficient? And we think that it was. We think that at a minimum it amounts to substantial compliance because it provides all the information anyone could use, and as it happens, it follows the form for secured transactions in 9-614, not directly applicable here. We recognize that. We don't claim that it is, but we do think that it provides some guidance and that in this circumstance for a court to determine that following the basic form, the basic UCC form for secured transactions is a violation, and that form sets out. There's two forms. There's one with a lot of details for public sales, date, time, place, and for private sales it says we're going to sell it after this date. We believe that it is sufficient here, the sufficient compliance with the notice requirement for private sales to give the borrower what she can use, and she got everything she can use here. Let me ask you something, Mr. Faulk, before you sit down and your time is about up. Returning back to the damages question, something's been on my mind, and that is are you saying we should resolve that on standing as opposed to the statutory basis? I'm suggesting that you need to address standing. I think the statutory, we argued, well, we argued both. I think they are intertwined, but my sense is that from an abstract view, my sense is that because her only basis for standing is the statutory claim, that there's also no standing here, particularly since the possibility of anything happening in the future has been foreclosed except in the realm of really wild speculation. I think it is sufficient to decide the statutory issue because were there any possibility of standing, it would have to hinge on the statutory issue. If she doesn't have statutory standing, there's nothing here, and you don't have to reach item. Again, it's a question of federal jurisprudence. Which is different than saying the statute just doesn't entitle her to relief, even if she's got standing. What I'm trying to get at is which one of those are you holding on to? Well, I'm holding on to both, Your Honor. That's why we asserted both arguments. We think this is a classic situation where there is no alleged harm from the violation here. There's nothing. She didn't rely. She didn't change her behavior. Nothing happened because she didn't get this extra detail about the nature of the private sale to the extent such details could be meaningfully communicated. They may be able to have been communicated, but they wouldn't have made any difference. I don't think there's a concrete and particularized harm here to begin with, but even if the court disagrees with that and thinks that there is some abstract harm to not getting notice you can't use. Again, I think that's a serious Article III question, but assuming that that constitutes a harm, then she has to find a harm that is compensable in some way, and the statutory provision may give that, even if she hasn't been harmed by the violation. There are certainly cases that say that. I disagree with those, but there are cases that say that, and the court may not want to resolve that issue. But she hasn't reached that statutory threshold, so she doesn't have an independent harm. She hasn't reached the statutory threshold. There's nothing there. Thank you. Thank you, Mr. Pope. Mr. Zardel, you have a few minutes for rebuttal. Thank you, Your Honor. I want to go straight to the issue of what possibly could still be given to Ms. Bediako's case. What damages does she have, and why is it important that she gets a judgment entered in this case in continuous pursuit of her affirmative claim? And that is that Honda Finance does and has the right to report to her credit. And what they report to her credit is that she owes or that they charged off $7,000-odd, or whatever it is that they're trying to collect. And the only way Ms. Bediako is ever going to be able to control her damages to her credit is to have a judgment in place provided by a court stating that the amount that you are able to collect on this loan because you violated her rights under CLEC is $3,240. What they report now and what they're able to report now is the loan was charged off, repossessed, and she owes $7,000-odd. But a judgment will change that. She will be in control of her credit report. Her damages to credit provide standing. They're real concrete damages in Maryland. The District Court of Maryland has recognized that that's an independent basis standing, and it's its own damages. Well, how do we know what has appeared on her report? Are you just speculating, or do you know that? I don't have the information. I don't have the credit report. But I think that is something that it's alleged. Requests for damages in the complaint included removal of the trade line, a declaration of what does she owe, and removal of the trade line that says it was charged off, repossessed, charged off. And that's what she would be entitled to if she was awarded a judgment in the district court. And that can't change. Regardless of whether they waive their right to collect, that doesn't change what they can report and how the rest of her life, not the rest of her life, the next 7 or 12 years, depending on what type of credit situation it is, would be reported and is able to be reported on her credit report. How is she going to lessen that 7 years? Can you say that again, Your Honor? How would you reduce that 7 years that you've got to stay on that credit report for 12 years? That's right. Well, Your Honor, she would have the right to contact the credit reporting agency and say there's a judgment entered in this case. I do not owe $7,900, as Honda Finance says I owe. I owe $2,143, which is what the judge says I still owe in this case. Regardless of whether they can file a case to collect it or not, it affects her credit. So she has the right to control her own credit. Well, some of this goes to the question of how far is this consumer protection action going? I mean, there's a lot of collateral effect that can happen from this. And it doesn't seem like she was so concerned about her credit in this whole process here. I mean, she stopped paying on this car within a year. So that cannot be her big concern here. I mean, the concern is she doesn't want to have to pay that $7,000, and Honda says she doesn't have to pay it. Well, Your Honor. I guess I'm missing the point on it. And when you look at statutory damages, the relief is under that amount. That could happen in a lot of cases, what you were talking about. What if they only said, okay, just give me $1,000, and you owe me, and I'll just wipe off the $13,000 or so? What if the judgment actually comes back for $1,000 when you actually owe $14,000 on it? So all of that collateral effect still will happen. I mean, I'm not sure it's as far-reaching as what you want us to do. Well, Your Honor, there's a lot of reasons why people don't pay certain bills. I won't get into specifics here, but it was a co-signed loan, and there's some personal animosity between the co-borrowers. What I'd say is that regardless of whether it doesn't matter to Honda Finance if the person owes $9,000 or $2,000 when they say they're not going to collect it, but it matters to the consumer because every time they go to apply for their next loan, the new creditor is going to look at it, and they're going to say, well, you defaulted on this $10,000 debt. You owe $10,000, and they're not going to look to see whether or not Honda Finance is within limitations to collect it. Their credit rating is different than it would be if you owe $2,000 than if you owe $10,000. And so I understand your concern that it's a collateral effect, but it is concrete damages in this case that still exist even if they abandon their pursuit of a deficiency judgment. The second thing I wanted to point out was the one-year statute of limitations argument under 12707G. In order for this court to take that argument and agree with Honda Finance, this court would have to directly overturn Maryland Court of Appeals in Crowder v. Master Money Financial because Honda Finance interpretation is that by using the word title in 12707G, it applies to bar claims under every single subtitle of the commercial law article. But in Crowder v. Master Financial, the Court of Appeals specifically held that subtitle 4 is controlled by the 12-year statute of limitation in 51026. So this court's finding that 12707G would control CLEC would directly contradict the Court of Appeals determination that the applicable statute of limitation under another subtitle of the commercial law article is controlled by something other than 12707G. Nonetheless, the court's going to look at that. The last thing I wanted to bring up is the Anderson discussion from the Court of Appeals, the difference between a statute of limitations and a statute of repose. My time's expiring. I'd ask if I'd be able to address that briefly. Maybe you will just give us a concluding statement. Okay, Your Honor. That is that the Court of Appeals held that it's only an academic pursuit, whether it's repose or limitations, only in the most outreaching events. It doesn't matter if it's repose or limitations. That's what the Court of Appeals had held in Anderson. So I thank you for your time. Unless you don't have any other questions, I rest. All right. Thank you very much, Mr. Zidell.
judges: Sandra Day O'Connor, James A. Wynn, Jr., Albert Diaz